| | |
|---|---|
| ELLIS GEORGE LLP<br>Keith J. Wesley (State Bar No. 229276)<br>  kwesley@ellisgeorge.com<br>Andrew R. Iglesias (State Bar No. 348791)<br>  aiglesias@ellisgeorge.com<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 274-7100<br>Facsimile: (310) 275-5697<br><br>Attorneys for Plaintiff<br>Y.Y.G.M. SA d.b.a. Brandy Melville | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Y.Y.G.M. SA d.b.a. BRANDY MELVILLE, a Swiss corporation,<br><br>         Plaintiff,<br><br>   vs.<br><br>REDBUBBLE, INC., a Delaware corporation,<br><br>         Defendant. | Case No. 3:24-cv-01952<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT AND COUNTERFEITING [15 U.S.C. § 1114];**<br>**(2) COPYRIGHT INFRINGEMENT [17 U.S.C. §§ 101 et seq.]**<br>**(3) FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br>**(4) COMMON LAW UNFAIR COMPETITION;**<br>**(5) CONTRIBUTORY TRADEMARK INFRINGEMENT;**<br>**(6) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**(7) VICARIOUS TRADEMARK INFRINGEMENT.**<br>**(8) VICARIOUS COPYRIGHT INFRINGEMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

2391685

COMPLAINT

Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville, as and for its complaint against defendant Redbubble, Inc., alleges as follows:

## PARTIES

1. Plaintiff Y.Y.G.M. SA d.b.a. Brandy Melville ("Plaintiff" or "Brandy Melville") is a Swiss corporation with its principal place of business in Lugano, Switzerland.  Plaintiff is the owner of the trademarks and copyrights at issue herein and licenses that intellectual property to U.S.-based entities for use in the United States.  Use of the intellectual property in question by the U.S.-based entities inures to the benefit of Plaintiff.

2. Plaintiff is informed and believes, and thereon alleges, that defendant Redbubble, Inc. ("Redbubble" or "Defendant") is a Delaware corporation with its principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338 because the action arises under the federal Copyright Act and Lanham Act.  *See* 17 U.S.C. §§ 101, *et seq.*; 15 U.S.C. §§ 1051, *et seq*.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. sections 1367 and 1338(b).

4. Venue in this district is proper under 28 U.S.C. section 1391 because Redbubble is subject to personal jurisdiction here and Brandy Melville has suffered injury here.

5. This Court has personal jurisdiction over Redbubble because Redbubble is based in California and regularly markets and sells goods, including the goods at issue in this case, to customers in California.

# GENERAL ALLEGATIONS

### A. Brandy Melville Is a Popular Girls and Women's Fashion and Lifestyle Brand.

6. Brandy Melville is a popular fashion and lifestyle brand that promotes and sells, *inter alia*, apparel and accessories to girls and women throughout the world. Founded in Europe over 30 years ago, Brandy Melville, via its U.S.-based licensee, established a retail presence in Los Angeles in 2009 and has since expanded across the United States. Although Brandy Melville markets and sells to consumers of all ages, it has developed a particularly strong following amongst girls and women in the 15- to 25-year-old age range.

7. Brandy Melville, via its licensees, currently has dozens of retail locations throughout the state of California, dozens more across the United States, and many more abroad.

8. Brandy Melville estimates that millions of consumers have shopped at one or more of its United States-based stores alone.

9. Brandy Melville is regularly featured in leading national fashion and lifestyle print publications such as *Cosmopolitan*, *Elle*, *Vogue*, and *Seventeen*, and general print publications such as the *Los Angeles Times*, the *Village Voice*, the *Boston Globe*, and independent and college newspapers. It is also regularly featured on television and on third-party websites and blogs.

10. Brandy Melville promotes itself online, including on its own website www.brandymelvilleusa.com, and on Twitter, Instagram, and Facebook. Brandy Melville's Instagram page has over 3 million followers.

### B. Brandy Melville Owns Valuable Trademarks, Copyrights, and Other Intellectual Property.

11. Brandy Melville designs are valuable intellectual property owned by Brandy Melville. To help protect its intellectual property, Brandy Melville has sought to obtain and/or obtained trademark registrations with the United States

1 Patent and Trademark Office and copyright registrations with the United States
2 Copyright Office.
3    12.   For example, Brandy Melville is the owner of USPTO Registration
4 No. 6087949 for the trademark "CHILL SINCE" in Class 25 in the apparel
5 category.
6    13.   Brandy Melville is also the owner of USPTO Application
7 No. 97895997 for the trademark "RADIO SILENCE" in Class 25 in the apparel
8 category.
9    14.   Brandy Melville is also the owner of Copyright Registration No. VA 2-
10 180-748 for the copyright "COMIC EYES" as visual material.  The COMIC EYES
11 design is depicted directly below:



**C.  Redbubble Knowingly Infringes Upon Brandy Melville's Intellectual Property Rights by Creating, Manufacturing, and Distributing Large Quantities of Counterfeit Brandy Melville Clothing and Printed Material.**

   15.   Founded in 2006, Redbubble describes itself on its website as giving "independent artists a meaningful new way to sell their creations."  What Redbubble does not mention on its website is that it also gives counterfeiters an easy way to market their counterfeits to the masses.

   16.   Through Redbubble's website, www.redbubble.com, visitors can upload designs that Redbubble then displays on a variety of apparel – from t-shirts to phone cases to stickers – pictured on the website.  Redbubble offers for sale the

products on display.  If a visitor to the site orders a product, Redbubble makes, ships, and processes the payment for the product.  Redbubble then splits the profit between itself and the person who originally uploaded the design.

17. Redbubble is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from counterfeit Brandy Melville products.  The counterfeit products incorporate exact replicas of the registered CHILL SINCE trademark and RADIO SILENCE trademark, as well as exact replicas of the registered COMIC EYES copyrighted design.

18. On or about February 22, 2024, Brandy Melville notified Redbubble in writing that Redbubble offers for sale products that utilize Brandy Melville's trademarks and copyright.  A comparison of authentic Brandy Melville products bearing the intellectual property at issue along with the infringing goods located on Redbubble is depicted on the following page.



19. Despite being placed on notice of Brandy Melville's intellectual property rights, including its registered trademark and copyright, Redbubble has persisted in offering for sale, advertising, and selling counterfeit Brandy Melville products – including one or more of the same exact designs that Brandy Melville asked to be taken down in February 2024.

20. Redbubble's infringement is knowing and willful, as evidenced by (a) the multiple counterfeit Brandy Melville designs being sold by Redbubble, (b) Redbubble's continued sale of counterfeit Brandy Melville products in spite of the February 22, 2024 written notification of infringement, and (c) Redbubble's pattern and practice of infringing upon the intellectual property rights of well-known brands, including Brandy Melville.

1       21.    Redbubble has profited from its unauthorized use of Brandy Melville's intellectual property through the sale of the infringing goods and has harmed the sale of authentic Brandy Melville merchandise.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting)

22.    Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

23.    Brandy Melville is the owner of the registered CHILL SINCE trademark.

24.    The CHILL SINCE trademark is a valid, protectable mark.

25.    Redbubble is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating the CHILL SINCE trademark or nearly identical variations thereof.

26.    Redbubble's use of the CHILL SINCE trademark is likely to cause confusion among ordinary purchasers as to the source of the goods.

27.    Brandy Melville has never consented to Redbubble's use of its trademarks.

28.    Redbubble infringed upon the CHILL SINCE trademark and engaged in trademark counterfeiting willfully.

29.    As a proximate result of the unfair advantage accruing to Redbubble from using confusingly similar marks and deceptively trading on Brandy Melville's goodwill, Redbubble has made substantial sales and profits in amounts to be established according to proof.

30.    As a proximate result of the unfair advantage accruing to Redbubble from using similar or quasi-similar marks and deceptively trading on Brandy Melville's goodwill, Brandy Melville has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

31. Unless restrained by the Court, Redbubble will continue to infringe the CHILL SINCE trademark. Pecuniary compensation will not afford Brandy Melville adequate relief for the damage to its trademarks and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Redbubble and its purported goods.

32. Redbubble's acts were committed, and continue to be committed, with actual notice of Brandy Melville's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products. Pursuant to 15 U.S.C. section 1117, Brandy Melville is, therefore, entitled to recover three times its actual damages or three times Redbubble's profits, whichever is greater, together with its attorneys' fees. Brandy Melville is also entitled to statutory damages of $2 million per registered mark. In addition, pursuant to 15 U.S.C. section 1118, Brandy Melville is entitled to an order requiring destruction of all infringing products and promotional materials in Redbubble's possession.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement)

33. Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

34. Brandy Melville has complied in all respects with the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*, and has secured the exclusive rights and privileges in and to the original expression in the COMIC EYES work.

35. Redbubble had access to Brandy Melville's copyrighted work as established by, among other things, (a) the widespread availability of pictures of Brandy Melville products incorporating the copyright, (b) the fact that Brandy Melville's copyrighted work is well known in the industry and in the public, (c) the striking similarity between the expression used on the infringing goods and the

expression in Brandy Melville's copyright, and (d) the fact that Redbubble affirmatively advertises the infringing goods through the use of variations of the Brandy Melville trade name.

36. Redbubble infringed Brandy Melville's copyright by advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating protectable expression taken from Brandy Melville's copyright, without Brandy Melville's permission.

37. Redbubble infringed Brandy Melville's copyright willfully.

38. Brandy Melville is entitled to actual damages and Defendant's profits, in an amount to be proven at trial.

39. Alternatively, Brandy Melville is entitled to statutory damages in an amount no less than $150,000.

40. Redbubble's acts have caused and will continue to cause irreparable harm to Brandy Melville unless restrained by this Court. Brandy Melville has no adequate remedy at law. Accordingly, Brandy Melville is entitled to an order enjoining and restraining Redbubble and all those acting in concert with Redbubble, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale, or selling copies or substantially similar copies of Brandy Melville's copyright.

### THIRD CLAIM FOR RELIEF
**(False Designation of Origin)**

41. Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

42. Brandy Melville's trademarks, including the CHILL SINCE and RADIO SILENCE trademarks, are inherently distinctive and have also acquired secondary meaning through extensive promotion and sales, unsolicited press, and word of mouth.

43. Redbubble is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating Brandy Melville's trademarks or nearly identical variations thereof.

44. Redbubble's use of Brandy Melville's trademarks is likely to cause confusion among ordinary purchasers as to the source of the goods.

45. Brandy Melville has never consented to Redbubble's use of its trademarks.

46. Redbubble infringed upon Brandy Melville's trademarks willfully.

47. As a proximate result of the unfair advantage accruing to Redbubble from using similar or quasi-similar marks and deceptively trading on Brandy Melville's goodwill, Redbubble has made substantial sales and profits in amounts to be established according to proof.

48. As a proximate result of the unfair advantage accruing to Redbubble from using confusingly similar marks and deceptively trading on Brandy Melville's goodwill, Brandy Melville has been damaged and deprived of substantial sales and has been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

49. Unless restrained by the Court, Redbubble will continue to infringe Brandy Melville's trademarks. Pecuniary compensation will not afford Brandy Melville adequate relief for the damage to its trademarks, trade dress, and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Redbubble and its purported goods.

50. Redbubble's acts were committed, and continue to be committed, with actual notice of Brandy Melville's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its products. Pursuant to 15 U.S.C. section 1117, Brandy Melville is, therefore, entitled to recover three times its actual

damages or three times Redbubble's profits, whichever is greater, together with its attorneys' fees.  Brandy Melville is also entitled to statutory damages of $2 million per registered mark.  In addition, pursuant to 15 U.S.C. section 1118, Brandy Melville is entitled to an order requiring destruction of all infringing products and promotional materials in Redbubble's possession.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

51. Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

52. Redbubble's unauthorized use of Brandy Melville's trademarks is likely to cause consumer confusion as to the source, origin, sponsorship, and association of Redbubble's products.

53. Brandy Melville has been, and will continue to be, damaged and irreparably harmed by the actions of Redbubble unless Redbubble is enjoined by this Court.

54. Brandy Melville has no adequate remedy at law.

55. Brandy Melville is entitled to recover damages and/or Redbubble's profits in an amount to be determined at trial.

56. Brandy Melville is informed and believes, and thereon alleges, that Redbubble committed the foregoing acts with the intention of depriving Brandy Melville of its legal rights, with oppression, fraud, and/or malice, and in conscious disregard of Brandy Melville's rights.  Brandy Melville is, therefore, entitled to an award of exemplary and punitive damages, according to proof.

## FIFTH CLAIM FOR RELIEF

### (Contributory Trademark Infringement and Counterfeiting)

57. Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

58. Redbubble has been, and continues to be, aware of and contributing to the infringement of Brandy Melville's trademarks and the use of counterfeit Brandy Melville products on its site. The infringing and counterfeit products are prominently displayed and promoted on Redbubble's website. Redbubble's website is configured so that a search for "Brandy stickers" or "Brandy t-shirts" or the like will lead directly to the infringing and counterfeit goods. Redbubble creates and distributes the infringing and counterfeit goods to the end consumer and facilitates the financial transactions.

59. Alternatively, Redbubble has remained willfully blind to the infringement and/or counterfeiting of Brandy Melville trademarks on its website and on the products it creates and distributes to the end consumer.

60. Brandy Melville has been damaged by and Redbubble has profited from Redbubble's contributory trademark infringement and counterfeiting.

61. To remedy Redbubble's contributory trademark infringement, Brandy Melville is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

## SIXTH CLAIM FOR RELIEF

### (Contributory Copyright Infringement and Counterfeiting)

62. Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

63. Redbubble has been, and continues to be, aware of and contributing to the infringement of Brandy Melville's copyright on its site. The infringing products are prominently displayed and promoted on Redbubble's website. Redbubble's website is configured so that a search for "Brandy Melville" or other Brandy Melville trade names will lead directly to the infringing goods. Redbubble creates and distributes the infringing goods to the end consumer and facilitates the financial transactions.

64. Alternatively, Redbubble has remained willfully blind to the infringement of Brandy Melville copyright on its website and on the products it creates and distributes to the end consumer.

65. Brandy Melville has been damaged by and Redbubble has profited from Redbubble's contributory copyright infringement.

66. To remedy Redbubble's contributory copyright infringement, Brandy Melville is entitled to all of the remedies set forth above for direct copyright infringement.

## SEVENTH CLAIM FOR RELIEF

**(Vicarious Trademark Infringement and Counterfeiting)**

67. Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

68. Redbubble and the third parties who design and upload the infringing designs are in an apparent or actual partnership, have the authority to bind one another in transactions with third parties, and/or exercise joint ownership or control over the infringing products. Redbubble is thus vicariously liable for the trademark infringement and counterfeiting of the third parties who design and upload the infringing designs onto the Redbubble website.

69. Brandy Melville has been damaged by and Redbubble has profited from Redbubble's vicarious trademark infringement and counterfeiting.

70. To remedy Redbubble's vicarious trademark infringement and counterfeiting, Brandy Melville is entitled to all of the remedies set forth above for direct trademark infringement, counterfeiting, false designation of origin, and unfair competition.

## EIGHTH CLAIM FOR RELIEF

**(Vicarious Copyright Infringement and Counterfeiting)**

71. Brandy Melville re-alleges and incorporates herein by reference each and every allegation set forth above.

72. Redbubble enjoys a direct financial benefit from the copyright infringement on its website. Redbubble gets paid a percentage of every sale of every product displayed on the site. The availability of the infringing goods also draws customers to the site, which causes Redbubble to make money both through the sale of the infringing goods and through the sale of all goods displayed on its site.

73. Redbubble has the legal right to stop or limit the copyright infringement on its website and the practical ability to do so. Redbubble has the ability and means to monitor its site for infringing designs and the right to remove them.

74. Brandy Melville has been damaged by and Redbubble has profited from Redbubble's vicarious copyright infringement. To remedy Redbubble's vicarious copyright infringement, Brandy Melville is entitled to all of the remedies set forth above for direct copyright infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. For preliminary and permanent injunctions enjoining and restraining Defendant, its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of or in concert with Defendant, from:

   A. designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates or is marketed in conjunction with any Brandy Melville trademark;

   B. designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting any product that incorporates designs substantially similar to Brandy Melville's copyright;

   C. representing or implying, directly or indirectly, to retailers, customers, distributors, licensees, or any other customers or potential customers of

Defendant's products that Defendant's products originate with, are sponsored, endorsed, or licensed by, or are otherwise associated or affiliated with Plaintiff;

2. For an order requiring the destruction of all of Defendant's infringing products and all marketing, advertising, or promotional materials depicting Defendant's infringing products;

3. For an accounting of all profits obtained by Defendant from sales of the infringing products and an order that Defendant hold all such profits in a constructive trust for the benefit of Plaintiff;

4. For an award to Plaintiff of all profits earned by Defendant from its infringing acts;

5. For compensatory damages according to proof;

6. For statutory damages of no less than $150,000 per registered copyright and no less than $2 million per registered trademark;

7. For exemplary and punitive damages according to proof;

8. For pre-judgment interest on all damages awarded by this Court;

9. For reasonable attorneys' fees and costs of suit incurred herein; and

10. For such other and further relief as the Court deems just and proper.

DATED:  March 29, 2024        ELLIS GEORGE LLP
                              Keith J. Wesley

                              By: _____
                                  Keith J. Wesley
                                  Andrew R. Iglesias
                              Attorneys for Plaintiff Y.Y.G.M. SA d.b.a.
                              Brandy Melville